# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAN MORTON, on behalf of herself and others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>ALLEVIATE TAX, LLC,<br><br>     Defendant. | CIVIL ACTION FILE NO.  3:24-cv-2263<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jan Morton (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Alleviate Tax, LLC ("Alleviate Tax") to market its services through the use of pre-recorded telemarketing calls, including to telephone numbers

listed on the National Do Not Call Registry, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of these illegal calls, which include Plaintiff and the proposed classes, are entitled to damages under the TCPA, and because the technology used by Alleviate Tax makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Jan Morton is, and at all times mentioned herein was, an individual citizen of the state of Texas in this District.

5. Defendant Alleviate Tax LLC is a California limited liability company.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over Alleviate Tax because it made calls into this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent into this District.

## TCPA BACKGROUND

The TCPA Prohibits Automated Telemarketing Calls

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

13. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

14. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

15. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

16. Defendant Alleviate Tax is a "person" as the term is defined by 47 U.S.C. § 153(39).

17. Alleviate Tax offers tax and debt relief services.

18. To increase its sales, and as part of a general cold-call based marketing scheme, Alleviate Tax markets these services using pre-recorded voice calls to consumers.

19. Indeed, Alleviate Tax has previously received complaints that its marketing conduct violated the TCPA.

20. Plaintiff Morton's telephone number, 972-375-XXXX is assigned to a cellular telephone service.

21. That number has been on the National Do Not Call Registry since November of 2004.

22. The Plaintiff received calls from the Defendant on at least July 13, 2023, January 15, 2024, and May 14, 17, and 20, 2024.

23. All of the calls involved the same pre-recorded avatar named "Ella" or "Jessica".

24. During each of the calls, the avatar asked the same questions regarding tax abatement.

25. Plaintiff believes that these calls were pre-recorded because they followed the same script and were unnatural in their intonation and timing.

26. During the May 14 call, after the recorded message was played, Plaintiff was connected with a live agent named "Pat" who stated that he worked for "Alleviate Tax".

27. On May 17, Plaintiff received a follow up text from "Pat/Alleviate tax" about their call "earlier in the week".

28. Plaintiff has never done business with Alleviate Tax or consented to be called by them.

29. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

31. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from four years prior to the filing of the complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.
>
> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

32. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

33. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

34. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

35. This Class Action Complaint seeks injunctive relief and money damages.

36. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

37. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

38. The joinder of all Class members is impracticable due to the size of the Classes and relatively modest value of each individual claim.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) Whether Defendant called numbers on the National Do Not Call Registry;

    (c) whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

41. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

42. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

43. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

44. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

45. Plaintiff incorporates the allegations from the prior paragraphs as if fully set forth herein.

46. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the

cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

47.	As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers or numbers for which they were charged per call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

48.	If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

49.	Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers or numbers for which they are charged per call using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act
47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff
and the National Do Not Call Registry Class**

50.	Plaintiff incorporates the allegations from the prior paragraphs as if fully set forth herein.

51.	The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency

purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

52.     Defendant's violations were negligent, willful, or knowing.

53.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

54.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: September 4, 2024

PLAINTIFF, on behalf of herself
and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Pro hac vice forthcoming


*/s/ Nayeem N. Mohammed*
Nayeem N. Mohammed, Esq.
Texas Bar No. 24082001
539 W. Commerce St. #1899 Dallas,
Texas 75208
Tel: (972) 767-9099
nayeem@nnmpc.com